**BRYAN T. DAKE**
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email: Bryan.Dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
APR 09 2024
Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 23-131-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| WILLIAM HENRY ALBERTS, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Bryan T. Dake, Assistant United States Attorney for the District of Montana, and the defendant, William Henry Alberts, and the defendant's attorney, Evangelo Arvanetes, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other



| AUSA | DEF | ATTY | Date |       | Page 1 |

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count 1 of the indictment, which charges the crime of possession of an unregistered silencer, in violation of 26 U.S.C. §§ 5841 and 5861(d). This offense carries a penalty of ten years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss count 2 of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, count 2 of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and count 2 is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the indictment.

In pleading guilty to count 1 of the indictment, the defendant acknowledges that:

First, the defendant knowingly possessed an NFA firearm;

Second, the firearm was a silencer; e.g., a device for silencing, muffling, or diminishing the report of a portable firearm;

Third, the defendant knew of the characteristics of the firearm, that is, that it was a device for silencing, muffling, or diminishing the report of a portable firearm;

Fourth, the firearm was in operating condition;

Fifth, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

5.   **Waiver of Rights by Plea:**

(a)   The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)   The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)   The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and

the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant



AUSA   DEF   ATTY   Date                                        Page 4

could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.



| AUSA | DEF | ATTY | Date |

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The United States agrees to recommend a low-end guideline sentence.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct



AUSA   DEF   ATTY   Date

does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply, and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and

understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11. **Forfeiture:** The following property is subject to forfeiture as a result of the criminal conviction in this matter. The defendant agrees to abandon all right title and interest in the following property:

- Remington Arms Company, Model 700, .338 Caliber, Bolt Action Rifle (SN:C6472514).

- Remington Arms Company, Model 742, .30-06 Caliber, Bolt Action Rifle (SN: NONE).

- Armscor of the Philippines (Rock Island Armory), Model 14Y, .22 Caliber, Bolt Action Rifle (SN: RIA2118228).

- Norinco, Model SKS, 7.62x39 Caliber, Semi-Automatic Rifle (SN: 3034757).

- Smith and Wesson, Model M&P 15, 5.56 Caliber, Semi-Automatic Rifle (SN: TT49479).

- Mossberg, Model 500, 20-Gauge, Pump-Action Shotgun (SN: T651229).

- Mossberg, Model Maverick, 12-Gauge, Pump-Action Shotgun (SN: MV00850J).

- Remington Arms Company, Model 552, .22 Caliber, Semi-Automatic Rifle (SN: A1584475).

- Remington Arms Company, Model 552, .22 Caliber, Semi-Automatic Rifle (SN: 1783020).

- Black Suspect Suppressor, (SN: None).

- Ruger, Model Blackhawk, .45 Caliber Revolver (SN:48-36574).

- Ruger, Model LCP, .380 Caliber, Semi-Automatic Pistol (SN: 380607651).

- HS Produkt (Springfield), Model XD, .45 Caliber, Semi-Automatic Pistol (SN: US680483).

- Taurus, Model G2C, 9mm Caliber, Semi-Automatic Pistol (SN: ACH196575).

- Smith and Wesson, Model 65, .357 Caliber Revolver (SN: 1D11406).

- Various rounds of assorted ammunition.

The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

12. **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use, in its case-in-chief, any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

//

//

//

//

//

//

//



AUSA    DEF    ATTY    Date

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
BRYAN T. DAKE
Assistant U.S. Attorney
Date: 4/8/2024

_____
WILLIAM HENRY ALBERTS
Defendant
Date: 4/5/24

_____
EVANGELO ARVANETES
Defense Counsel
Date: 4/5/24

AUSA  DEF  ATTY  Date    Page 11